# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isaura CORTES, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>NATIONAL COMMUNITY RENAISSANCE, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 16-cv-1834-CAB-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT THE JOINT MOTION TO CONFIRM MINORS' COMPROMISE (ECF NO. 26)** |

Isaura Cortes, plaintiff and guardian *ad litem* for the minor plaintiffs M.C. and J.C., seeks an order approving a proposed settlement of the minor plaintiffs' claims against defendants National Community Renaissance and the City of Oceanside. Because the settlement serves the minors' best interests, the Court recommends that the motion be granted.

## BACKGROUND

This suit arises from allegations that the onsite manager of defendants' housing community discriminated against plaintiffs because of their race and harassed Ms. Cortes to prevent her children from playing in common areas. Plaintiffs contend that this and other acts created a hostile living environment for Hispanics and families with children. Plaintiffs argue these allegations support a claim under the Fair Housing Act and related state law as discrimination against a person because of race, national origin, and familial status.

Plaintiffs and defendants reached a settlement through private mediation. Each

1

minor will recover $8,000. Plaintiffs represent that neither minor was physically harmed nor have they sought mental health treatment because of the alleged discrimination. The parties did not include the other terms of the settlement, including any payment to the non-minor plaintiff or amounts paid to plaintiffs' attorney.

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

Having reviewed the complaint and been privy to the parties' briefing and discussions at the Early Neutral Evaluation, the Court concludes that the proposed settlement is in the minors' best interests. The Court recognizes that litigation is always uncertain. But the parties have completed discovery, and the potential recovery in this case was limited, as the minors were not physically or emotionally injured.

Moreover, the Court has compared the settlement in this case to those approved in similar cases—including the ones in plaintiffs' brief—and finds that it is similar to or greater than what other courts have approved. *See, e.g., Milton v. Regency Park Apartments*, No. 2:13-cv-01284-KJM-CKD, 2015 WL 546045, at *3 (E.D. Cal. Feb. 9, 2015) (approving a housing discrimination settlement in which each minor received $10,000 and collecting similar cases with minors all receiving less than $5,000 per minor); *Bor v. PPC WSSC LLC*, No. 11-cv-03430-LHK, 2012 WL 1438779, at *1-2 (N.D. Cal. Apr. 25, 2012) (approving a housing discrimination settlement for three minors for $10,000

in aggregate); *Pack v. Fort Washington, LLC*, No. 1:08cv0177 DLB, 2010 WL 653853, at *1, 3 (E.D. Cal. Feb. 22, 2010) (approving a housing discrimination settlement for two minor for $8,000 each). The parties' failure to tell the Court the entire amount of settlement or the attorney's fees paid is irrelevant, as the Court is not permitted to consider those things. *See Robidoux*, 638 F.3d at 1182.

Accordingly, this Court recommends:

1. The motion to approve the settlement be granted.
2. The compromise and settlement of the claims of the minors, M.C. and J.C., be approved as fair and reasonable and in the best interests of the minor plaintiffs.

Any objections to this report and recommendation are due by February 27, 2018. *See* 28 U.S.C. § 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated: February 13, 2018

Hon. Andrew G. Schopler
United States Magistrate Judge