UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAURA CORTES, et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>NATIONAL COMMUNITY RENAISSANCE, et al.,<br><br>                     Defendants. | Case No.: 3:16-CV-1834-CAB-(MDD)<br><br>**ORDER ON MOTION TO APPROVE COMPROMISE OF MINORS' CLAIMS**<br>**[Doc. No. 26]** |

On February 6, 2018, counsel for Plaintiffs filed a Motion to Approve Compromise of Minors' Claims. [Doc. No. 26.] On February 13, 2018, Magistrate Judge Schopler issued a Report and Recommendation ("Report"). [Doc. No. 28.] The Report recommended that the motion be granted and the proposed settlement amount of $8,000 to each minor be approved as fair and reasonable. [Report at 2.] The Report ordered that any objections were to be filed by February 27, 2018. [*Id.* at 3.] On February 15, 2018, this Court requested and subsequently received a copy of the settlement. [Doc. Nos. 29, 32-33.] To date, no objection or requests for an extension of time in which to file an objection have been filed.

Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) provide the district court's duties concerning a magistrate judge's report and recommendation. The district

court judge may accept, reject, or modify, in whole or in party, the findings or recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbel v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Having reviewed the Report, the Court concludes the Magistrate Judge incorrectly determined that the settlement between the minor Plaintiffs M.C and J.C. and Defendants is fair, reasonable, and in the best interests of the minor Plaintiffs. As required by Local Rule 17.1, the Court has reviewed the structural components of the settlement and finds it lacking in specificity[1]. Therefore, the Court is not satisfied that the settlement agreement protects the minors' interests. *See also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

Here, the proposed settlement provides that a total settlement amount will be paid to all three Plaintiffs in exchange for their agreement "that their portion of the Settlement Sum compensates them for any and all claims of alleged economic damages, relocation fees, personal injuries, injuries to reputation, attorneys' fees, emotional pain and suffering and penalties claimed to have been caused by Defendant's alleged conduct." [Doc. No. 33 at 2.] However, the agreement does not provide how this lump sum shall be divided amongst the individual plaintiffs. Plaintiffs' counsel has submitted the declarations of himself and

---

[1] This requires the court question if the settlement is in the best interests of the minor or incompetent and consider not only the fairness of the settlement, but the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor or incompetent. Under the Rule, parties must submit the settlement to a magistrate judge for preliminary review of the structural components. *See* CivLR 17(a) ("All settlements and compromises must be reviewed by a magistrate judge before any order of approval shall issue.").

the minors' mother, Isaura Cortes, attesting that the minor plaintiffs M.C. and J.C. will each receive a payment in the amount of $8,000. This is not sufficient. The specific amounts each individual Plaintiff will receive must be memorialized in writing and signed by all parties.

Further, the proposed settlement simply provides that a check for the total settlement amount will be made out to the "Law Offices of Stuart Fagan Client-Trust Account" yet provides no details as to the method of deposit or disbursement. [Doc. No. 33 at 3.] In general, Local Rule 17.1 incorporates California Probate Code section 3600 *et. seq.* regarding the various alternatives available to hold the funds of a settlement of a minor or incompetent. One such alternative, provided under California Probate Code section 3600 *et. seq.* is a blocked account. The California Code provides that upon petition by the guardian/guardian ad litem on behalf of the minor child or incompetent, the funds may be deposited in an insured account or a deferred annuity subject to withdrawal only upon Court Order. *See* CAL. PROB. CODE § 3602(c)(1). Plaintiffs' guardian attests that the settlement comports with this provision by providing that the proceeds of the settlement will be placed in an "interest-bearing FDIC or NCUA insured account held in the name of said minors from which no withdrawals shall be made without a court order until the minor children reach the ages of majority." [Doc. No. 26-2 at ¶ 7.] But, such a declaration is insufficient to bind the parties. Details regarding how the minors' funds will be deposited, held and maintained for the minors must be included within the settlement.

Accordingly, the Court hereby (1) **REJECTS** Magistrate Judge Schopler's Report and Recommendation [Doc. No 28]; and (2) **DENIES** the Motion for Approval of Minors Compromise of Claims [Doc. No. 26]. Once the parties have entered a new agreement, or provided an addendum to the current agreement designed to fix the deficiencies noted

//

//

3

3:16-CV-1834-CAB-(MDD)

above, including the proposed allocation for attorney's fees and costs, it shall be reviewed by Judge Schopler and a second Report shall be issued.

It is **SO ORDERED.**

Dated: February 27, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge